**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN JOEL HOPSON, | No. 1:25-cv-00825 JLT BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF' MOTION FOR RECONSIDERATION |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | (Docs. 14, 15) |
| Defendant. | |

Ryan Joel Hopson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On February 9, 2026, the magistrate judge issued a screening order granting Plaintiff leave to file a first amended complaint or notice of voluntary dismissal within 30 days. (Doc. 9.) The Court warned Plaintiff that failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*Id.*) Plaintiff did not file an amended complaint or otherwise communicate with the Court.

On March 23, 2026, the magistrate judge issued findings and recommendations that this action be dismissed, without prejudice, due to Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915A, failure to obey a court order, and failure to prosecute. (Doc. 11.) The Court served the findings and recommendations on Plaintiff,  informed him that any objections were due in 14 days, and warned him that failure to file timely objections may result in the waiver of

1

the "right to challenge the magistrate's factual findings" on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834 838-39 (9th Cir 2014).) Plaintiff did not file timely objections. Accordingly, on April 17, 2026, the Court adopted the findings and recommendations and dismissed this action with prejudice. (Doc. 12.) The Clerk of the Court entered judgment on the same date. (Doc. 13.)

Currently before the Court are Plaintiff's objections to the magistrate judge's findings and recommendations, challenging dismissal of this action, filed on April 21, 2026. (Doc. 14.) Plaintiff's objections, dated April 14, 2026, are untimely. However, as Plaintiff is proceeding *pro se*, the Court will construe the untimely objections as a motion for reconsideration.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). The motion must be filed no later than 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other

2

grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion for reconsideration does not provide any basis for overturning the Court's judgment under Rule 59(e) or 60. Plaintiff states that he "had failed to change his address" and the Court's screening order granting him leave to amended went to High Desert State Prison. (Doc. 14.) By the time he received it, he "had roughly one week to respond within the 30 day deadline." (*Id.*) Plaintiff claims that on March 11, 2026, he sent out a change of address form and requested the Court "to stay in obeyance, and to dismiss the complaint without prejudice. In order to gather information to amend for the first time." (*Id.*) Concurrent with his motion, Plaintiff filed a motion to stay and a notice of change of address, which are dated March 11, 2026. (Docs. 15, 16.)

Plaintiff does not explain why he failed to file an updated address or request an extension of time to file an amended complaint in response to the Court's February 9, 2026 screening order. Plaintiff admits that he had roughly one week to respond, but he provides no explanation as to why he failed to seek an extension of the relevant deadline. Plaintiff claims that he sent a change of address form and request to stay on March 11, 2026, but those documents were not filed until April 21, 2026. Although dated March 11, 2026, those documents are not accompanied by proofs of service or a declaration signed under penalty of perjury attesting to the mailing date of those documents. (*See* Docs. 15, 16.)

Even if the Court were to accept Plaintiff's representations that he sent a notice of change of address and a motion to stay on March 11, 2026, Plaintiff has not otherwise demonstrated that he would be able to and his complaint to state a cognizable claim. Indeed, Plaintiff's motion to stay sought dismissal of this action without prejudice because he needed "more time to gather information" and he "lack[ed] the resources to properly amend [the] complaint." (*See* Doc. 15.) Plaintiff also does not explain why he filed untimely objections to the Court's March 23, 2026 findings and recommendations. Thus, the Court **ORDERS**:

1.  Plaintiff's motion for reconsideration, (Doc. 14), is denied.

2.  Plaintiff's additional motion to stay, (Doc. 15), is denied as moot.

///

3

3. This action remains closed.

IT IS SO ORDERED.

Dated:   **April 30, 2026**

UNITED STATES DISTRICT JUDGE